UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN COX,<br><br>        Appellant,<br><br>    v.<br><br>THE SUMMIT AT TURTLE RIDGE COMMUNITY ASSOCIATION,<br><br>        Appellee. | Case No.  24-cv-03270-VC<br><br>**ORDER AFFIRMING ORDER OF THE BANKRUPTCY COURT**<br><br>Re: Dkt. No. 4 |

      The order of the bankruptcy court granting the motion to quash is affirmed. The bankruptcy court did not abuse its discretion in concluding that Cox has not shown good cause for the discovery he seeks. Because the trustee has sold the state court litigation to Cox, discovery about the foreclosure sale no longer serves any bankruptcy-related purpose. Cox asserts that the discovery could reveal additional estate assets or additional claims that the estate might have against Turtle Ridge—which, he argues, he would have standing to bring as the estate's largest creditor. It's not clear that he would have standing to bring any claims on the estate's behalf: the case he relies on for this point, *In re Lahijani*, held that a creditor had standing to bring a claim on behalf of an estate based on a provision of the Bankruptcy Code that allows a creditor to sue (with the court's permission) to recover "property transferred or concealed by the debtor," and Cox is not seeking to recover any such property. *See* 325 B.R. 282, 292 (9th Cir. B.A.P. 2005) (citing 11 U.S.C. § 503(b)(3)(B)). But even if he would have standing, Cox has not given any reason to think that the discovery he wants actually would reveal any claims or assets of the estate other than those already at issue in the state court litigation. And to the extent that Cox wants discovery related to those issues, the pending

proceeding rule would bar him from using Rule 2004 to get it. *See, e.g.*, *In re Bibhu LLC*, 2019 WL 171550, at *2 (Bankr. S.D.N.Y. Jan. 10, 2019). Given the lack of any plausible explanation of why Cox would want to examine Turtle Ridge other than to support the claims in the state court litigation to which he is now a party, it was not an abuse of discretion for the bankruptcy court to quash the subpoena.

Cox's other arguments also fail. The bankruptcy court did not abuse its discretion in concluding that the motion to quash was not untimely. Where, as here, "a subpoena recipient moves to quash after lodging a written objection to the subpoena, the motion to quash is timely so long as it is filed within a reasonable time after the conclusion of informal efforts to resolve the objections." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875 n.2 (N.D. Cal. 2022). Turtle Ridge's motion was filed less than two weeks after the parties stopped trying to resolve the dispute informally. This was not an unreasonable delay. Finally, Cox's argument that the motion failed to comply with B.L.R. 9013-1(b)(1) fails because, even though the motion to quash did not include the proposed order it referenced, it requested "entry of an order quashing" Cox's subpoena, making it obvious what relief Turtle Ridge sought.

**IT IS SO ORDERED.**

Dated: October 15, 2024

_____
VINCE CHHABRIA
United States District Judge