UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALVIN COX,

           Appellant,

    v.

THE SUMMIT AT TURTLE RIDGE
COMMUNITY ASSOCIATION,

           Appellee.

Case No.  24-cv-03270-VC

**ORDER DENYING MOTION FOR
ATTORNEYS' FEES**

Re: Dkt. No. 15

The motion for attorneys' fees is denied. There is no indication that the appeal or the underlying subpoena was the product of subjective bad faith. So sanctions can't be awarded under 28 U.S.C. § 1927. *See B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1107 (9th Cir. 2002), *abrogated on other grounds by Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019). As for Rule 45(d)(1), the bankruptcy judge did find that the discovery sought by the subpoena would have served an improper purpose. But it isn't apparent that the subpoena was initially issued for an improper purpose. Plus, "courts have interpreted Rule 45(d)(1) sanctions as applying primarily to reimburse a non-party's costs incurred in *complying* with a subpoena, not merely litigating a motion to quash." *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *8 (N.D. Cal. Oct. 5, 2015).

With regard to F.R.A.P. 38 and 28 U.S.C. § 1912, it's a closer question, particularly given the abuse of discretion standard. Summit's argument that the appeal was objectively baseless is not unreasonable. But the Court cannot make a definitive determination in that regard.

Even if any of the predicates for the asserted bases for sanctions were satisfied, the Court would decline to exercise its discretion to award fees. *See Legal Voice v. Stormans Inc.*, 738 F.3d

1178, 1185 (9th Cir. 2013) ("Rule 45(d)(1) is discretionary."); *In re National Mass Media Telecommunication Systems, Inc.*, 152 F.3d 1178, 1181 (9th Cir. 1998) (appellate court has "discretion to award damages for a frivolous appeal" under F.R.A.P. 38, § 1912, and § 1927).

**IT IS SO ORDERED.**

Dated: February 5, 2025

VINCE CHHABRIA
United States District Judge